UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CERRON T. DEJOHNETTE,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>O. GONZALEZ, et al,<br><br>　　　　Defendants. | 1:17-cv-00696 DAD-JLT (PC)<br><br>**ORDER DENYING MOTION FOR EXTENSION OF TIME; AND**<br><br>**FINDINGS AND RECOMMENDATIONS TO DISMISS THIS ACTION WITH PREJUDICE FOR THE PLAINTIFF'S FAILURE TO PROSECUTE**<br><br>**(ECF No. 29)**<br><br>**FOURTEEN-DAY DEADLINE** |

On April 18, 2018, defendants filed a motion for summary judgment in which they assert that the plaintiff has failed to exhaust the administrative remedies. The plaintiff has not opposed the motion despite a court order to do so by May 17, 2018. On August 7, 2018, nearly three months after the deadline to file an opposition, the plaintiff filed the instant motion for a 90-day extension of time to file his opposition and claimed that he has been transferred multiple times and he has "been in and out of the hospital." (ECF No. 29.) Since the court does not find either reason sufficient to excuse the plaintiff's failure to comply with the filing deadline, it will recommend that this action be dismissed.

The plaintiff first relies on his several institutional transfers to justify his failure to file a timely opposition. It is true that the plaintiff has been transferred several times after initiating this

action. (See ECF Nos. 13-15.) The last notice of change of address, however, was filed on September 29, 2017, well before the defendants filed their pending summary judgment motion. The court does not see, and the plaintiff does not explain, how these transfers affected the plaintiff's ability to file a timely opposition.

Additionally, the appointment list attached to the plaintiff's motion reflects that from April 19, 2018, to May 17, 2018—when the plaintiff should have filed his opposition, a statement of non-opposition, or a motion for an extension of time—he had six medical appointments. Of those appointments, five were on-site at the institution where he is housed, each lasting no more than 10-20 minutes, and only one was for an offsite specialist. Not only does this appointment list negate the plaintiff's claim that he has "been in and out of the hospital," it also fails to explain how these brief medical visits interfered with the plaintiff's ability to file a timely opposition to the defendants' motion.

By order filed on April 26, 2018, the Court specifically warned the plaintiff that his failure to file an opposition or a statement of non-opposition to the defendants' motion may result in the dismissal of this action for failure to prosecute. (ECF No. 27 at 1.) He was also informed that "[f]ailure to comply with this order, the Federal Rules of Civil Procedure, or the Local Rules of the Eastern District of California may result in the imposition of sanctions including but not limited to dismissal of the action." Id.

Though the Court is obligated to construe pro se pleadings liberally, pro se litigants must still comply with procedural rules; The plaintiff has not done that here. He has not offered a sufficient explanation as to how his transfers pre-dating the defendants' motion by several months or his medical visits following the filing of their motion, affected his ability to respond to the motion or to file a request for an extension of time.

Pursuant to Federal Rule of Civil Procedure 41(b), a district court may dismiss an action for failure to prosecute, failure to comply with the Federal Rules of Civil Procedure, failure to comply with the court's local rules, or failure to comply with the court's orders. See, e.g., Chambers v. NASCO, Inc., 501 U.S. 32, 44 (1991) (recognizing that a court "may act sua sponte to dismiss a suit for failure to prosecute"); Hells Canyon Preservation Council v. U.S. Forest

2

Serv., 403 F.3d 683, 689 (9th Cir. 2005) (recognizing that courts may dismiss an action pursuant to Federal Rule of Civil Procedure 41(b) sua sponte for a the plaintiff's failure to prosecute or comply with the rules of civil procedure or the court's orders); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992) ("Pursuant to Federal Rule of Civil Procedure 41(b), the district court may dismiss an action for failure to comply with any order of the court"); Pagtalunan v. Galaza, 291 F.3d 639, 642-43 (9th Cir. 2002) (affirming district court's dismissal of case for failure to prosecute when habeas petitioner failed to file a first amended petition). This court's Local Rules are in accord. See E.D. Cal. L.R. 110 ("Failure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court"); E.D. Cal. L.R. 183(a) (providing that a pro se party's failure to comply with the Federal Rules of Civil Procedure, the court's Local Rules, and other applicable law may support, among other things, dismissal of that party's action).

A court must weigh five factors in determining whether to dismiss a case for failure to prosecute, failure to comply with a court order, or failure to comply with a district court's local rules. See, e.g., Ferdik, 963 F.2d at 1260. Specifically, the court must consider: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendant; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. Id. at 1260-61; accord Pagtalunan, 291 F.3d at 642-43; Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995). The Ninth Circuit Court of Appeals has stated that "[t]hese factors are not a series of conditions precedent before the judge can do anything, but a way for a district judge to think about what to do." In re Phenylpropanolamine (PPA) Prods. Liab. Litig., 460 F.3d 1217, 1226 (9th Cir. 2006).

Although involuntary dismissal can be a harsh remedy, on balance the five relevant factors weigh in favor of dismissal of this action. The first two factors strongly support dismissal of this action. The plaintiff's failure to oppose the defendants' motion for summary judgment, despite clear warnings of the consequences, strongly suggests that the plaintiff has abandoned this action or is not interested in seriously prosecuting it. See, e.g., Yourish v. Cal. Amplifier, 191

3

F.3d 983, 990 (9th Cir. 1999) ("The public's interest in expeditious resolution of litigation always favors dismissal"). Any further time spent by the court on this case, which the plaintiff has demonstrated a lack of any serious intention to pursue, will consume scarce judicial resources and take away from other active cases. See Ferdik, 963 F.2d at 1261 (recognizing that district courts have inherent power to manage their dockets without being subject to noncompliant litigants).

In addition, the third factor, which considers prejudice to a defendant, should be given some weight. See Ferdik, 963 F.2d at 1262. Here, defendants have been named in a lawsuit that the plaintiff has effectively abandoned. At a minimum, defendants have been prevented from attempting to resolve this case on the merits by the plaintiff's unreasonable delay in prosecuting this action. Unreasonable delay is presumed to be prejudicial. See, e.g., In re Phenylpropanolamine (PPA) Prods. Liab. Litig., 460 F.3d at 1227.

The fifth factor, which considers the availability of less drastic measures, also supports dismissal of this action. As noted above, the court has actually pursued remedies that are less drastic than a recommendation of dismissal. See Malone v. U.S. Postal Serv., 833 F.2d 128, 132 (9th Cir.1987) ("[E]xplicit discussion of alternatives is unnecessary if the district court actually tries alternatives before employing the ultimate sanction of dismissal"). Before recommending dismissal, the court warned the plaintiff in clear terms that failure to oppose the motion or file a statement of non-opposition to the motion would result in a recommendation of dismissal of the action with prejudice. Warning a plaintiff that failure to take steps towards resolution of his or her action on the merits will result in dismissal satisfies the requirement that the court consider the alternatives. See, e.g., Ferdik, 963 F.2d at 1262 ("[O]ur decisions also suggest that a district court's warning to a party that his failure to obey the court's order will result in dismissal can satisfy the 'consideration of alternatives' requirement") (citing Malone, 833 F.2d at 132-33). In any event, the court finds no suitable alternative to a recommendation for dismissal at this juncture. Because the plaintiff is proceeding in forma pauperis, the court has little confidence that the plaintiff would pay monetary sanctions if they were to be imposed in lieu of dismissing the case.

The court also recognizes the importance of giving due weight to the fourth factor, which

4

addresses the public policy favoring disposition of cases on the merits. However, for the reasons set forth above, factors one, two, three, and five strongly support a recommendation of dismissal of this action, and factor four does not materially counsel otherwise. Dismissal is proper "where at least four factors support dismissal or where at least three factors 'strongly' support dismissal." Hernandez v. City of El Monte, 138 F.3d 393, 399 (9th Cir. 1998) (citations and quotation marks omitted). Under the circumstances of this case, the other relevant factors outweigh the general public policy favoring disposition of actions on their merits. See Ferdik, 963 F.2d at 1263. If anything, a disposition on the merits has been hindered by the plaintiff's own failure to prosecute the case and comply with court orders.

Based on the foregoing, the Court **DENIES** the plaintiff's motion for an extension of time (ECF No. 29); and

The Court **RECOMMENDS** that this action be dismissed with prejudice for failure to prosecute this action and to comply with a court order.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these Findings and Recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **August 15, 2018**         **/s/ Jennifer L. Thurston**
　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE